[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 05-15513
Non-Argument Calendar

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
August 30, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 91-00312-CR-01-RLV-1

RICHARD B. SIMMONS,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

Appeal from the United States District Court
for the Northern District of Georgia

**(August 30, 2006)**

Before TJOFLAT, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

On February 6, 1992, after a jury had found appellant guilty of violating 21

U.S.C. §§ 841(a)(1) and 846 and 18 U.S.C. § 924(c) and 922(a)(6), the district

court sentenced him to terms of imprisonment totaling 322 months.  We affirmed

appellant's convictions but remanded the case with the instruction that the district

court make findings of fact as to whether appellant had obstructed justice so to

warrant the court's enhancement of his offense level under the Sentencing

Guidelines.  United States v. Simmons, 9 F.3d 1559 (11th Cir. 1993) (Table).

Pursuant to the mandate, the district court entered an order stating the factual basis

for the obstruction of justice enhancement.

On June 27, 2005, appellant moved the district court to "Correct [his] Final

Judgment" pursuant to Fed. R. Civ. P. 60(b) contending that United States v.

Booker, 543 U.S. 220, 125 S.Ct. 738 (2005), is retroactive and should be applied

to his case.  The district court denied his motion on the ground that the Supreme

Court had not declared  Booker to be retroactive and applicable to cases on

collateral review; thus, Booker provides appellant with no basis for relief.  See

Record, Vol. 2 at Tabs 125 and 140.  Appellant now appeals.  We affirm the

district court's decision on two grounds.  First, as the district court properly held,

Booker provides appellant no basis for relief.  Second, appellant's motion

constitutes a collateral attack on his sentences and therefore should have been

brought under 28 U.S.C. § 2255, not Rule 60(b).[1]

AFFIRMED.

---

[1] We intimate no view as to whether appellant would have to petition this court for leave to file a § 2255 motion because the motion would amount to a second or successive motion.